UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MELODY A. RUSSELL

      Plaintiff,

V.                                              CIVIL ACTION NO

COLLECTO, INC
D/B/A EOS CCS

Defendant.                                      JANUARY 8, 2013

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Glen Burnie, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant Collecto, Inc., is a foreign corporation company engaged in the business of collecting debts in the State of Maryland with a principal place of business located 700 LONGWATER NORWELL, MA 02061 – 1624.

8. Defendant is a licensed collection agency in the State of Maryland and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. Defendant called the Plaintiff numerous times which Ms. Russell reports as being excessive and harassing.

11. The Plaintiff disputed the debt in writing yet has not received a validation pursuant to §1692g from the defendant.

12. The Defendant reported the debt to the major credit reporting agencies and harmed Plaintiffs' credit rating.

13. Plaintiff states she never had an account with the creditor EOS CCA is collecting on behalf off.

12. The Defendant failed to validate the debt and continued to collect the debt despite the prohibition of §1692g.

13. The Defendant though their collection agent attempted to collect a principal balance of $229

14. The Defendant violated §1692e (2) (A) by charging $229 which was not owed to the creditor and the debt collector was advised this by the Plaintiff in writing and orally. .

15. The Fair Debt Collection Practices Act (FDCPA) states: §1692e (2) (A) "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of (A) the character, amount, or legal status of any debt."

16. Defendant, through their collection agent advised Plaintiff that not paying her bill would mean that her credit would be adversely affected , she would have the delinquent account reporting on my consumer reports for seven years, with the possibility of legal action..

17. Based on information and belief the threat of legal action pon a debt in the amount of $229.00 was not intended or authorized and the statement violated the FDCPA.

18. The Defendant does not maintain procedures in place adequately designed to avoid the above mentioned violation(s) of the FDCPA.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, and g.

SECOND COUNT:

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

22. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MDCDCA.

3. Award the plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
MD Bar No: 29935
203-481-4040
Fax: 443-440-6372
Email: mwk550@yahoo.com